GEORGE FORD, PROSECUTOR-APPELLANT, v. MAYOR AND COUNCIL OF THE CITY OF BAYONNE, AND PATRICK FLANAGAN AND OTHERS, CITY BUILDING COMMISSION, RESPONDENTS-APPELLEES.

Argued November 20, 1914—Decided March 1, 1915.

1. Money in the city treasury, not raised by taxation, or appropriated for any specific purpose, may be transferred to and used by the building commission in connection with a new city hall.
2. A taxpayer of the city and prosecutor of a writ of *certiorari* is not injured by the use of the money for such a purpose.

On *certiorari*.  On appeal from the Supreme Court.

For the prosecutor-appellant, *Aaron A. Melniker.*

For the respondents-appellees, *Daniel J. Murray* and *James H. Dougherty.*

The opinion of the court was delivered by

BLACK, J.  The council of the city of Bayonne, at a meeting of the council held December 9th, 1913, adopted a resolution in which it was declared that the city hall in use for the city offices of the city, is inadequate and unsuitable for city

purposes. This resolution was approved by the mayor, December 10th, 1913. The city having acquired a plot of land for the purpose of erecting and constructing a new city hall, it was determined that it should be promptly commenced, to the end that adequate and convenient means for the transaction of public business be promptly provided. On December 23d, 1913, the council adopted a resolution which was approved by the mayor, appointing three commissioners to constitute a building commission under the authority of chapter 34, laws of 1908 (*Pamph. L., p.* 48; 1 *Comp. Stat., p.* 674), and appropriating the sum of $10,000 or as much thereof as may be necessary, for the purpose of paying the salaries and expenses of the commission, this amount to be taken from the moneys paid to the city in connection with the vacation of First street, in the city of Bayonne. On December 29th, 1913, the council adopted a resolution transferring the sum of $10,000 received for the vacation of First street, to the city building commission for the purpose of paying the expenses of the commission. On December 30th, 1913, the city treasurer drew a check to the order of the city building commission for $10,000 and turned it over to the commission.

A writ of *certiorari* was issued out of the Supreme Court, seeking to review and set aside the resolution appropriating the sum of $10,000. No part of this $10,000 was raised by taxation, it was paid to the city by the American Cotton Oil Company for a release of the easement of First street. The Supreme Court held, that the prosecutor was not injured by the use of cash in hand instead of first resorting to a sale of bonds and using the proceeds therefrom. The writ was dismissed by the Supreme Court. This was not error. *Tallon* v. *City of Hoboken*, 60 *N. J. L.* 212. In that case, this court said: "That *certiorari* will not lie in favor of private prosecutors to review the action of public officials unless such prosecutors have a personal or property interest, which will be specially and immediately affected by the action complained of; and unless the person who applies for the writ

shows that he will suffer a special injury, beyond that which shall affect him in common with the remainder of the public."

This appeal seeks to reverse the judgment of the Supreme Court. The act of the legislature, above cited (*Pamph. L.* 1908, *p.* 50, § 4), provides, that the city "may issue bonds of such city to the amount so appropriated and may negotiate and sell the same at any sum not less than par; and the money so raised by the sale of the said bonds shall be turned over to the treasurer of said commission upon the order of said commission." We think the use of the money in connection with the new city hall, not having been raised or appropriated for any specific purpose, was not illegal. The city council was clearly within the exercise of its legal power in passing the resolution in question, and using the money for the designated purpose.

There being no error in the record the judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, BERGEN, MINTURN, BLACK, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, WILLIAMS, JJ. 12.

*For reversal*—None.